# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARUN BEY, | ) |
| | ) |
| Plaintiff, | )  2:23-cv-1126 |
| | ) |
| vs. | ) |
| | ) |
| SHERIFF KEVIN KRAUS, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM ORDER

*Pro se* Plaintiff Harun Bey brings claims against multiple defendants for alleged mistreatment pertaining to his arrest and prosecution for refusing to leave a foreclosed property. Before the Court are four motions to dismiss Mr. Bey's complaint, filed by: (1) Defendants the Honorable Daniel Butler, the Honorable Kim Berkeley Clark, and the Honorable Eugene Ricciardi (the Judicial Defendants) (ECF 13); (2) Defendant Orlando Harper, who previously served as Allegheny County Jail Warden (ECF 25); (3) Defendants Sherriff Kevin Kraus, Chief Deputy John A. Kearney, Commander Charles Rodriguez, Sgt. Neil Hall, and Deputy Mike Frost, members of the Allegheny County Sheriff's Office (the Sheriff's Office Defendants) (ECF 27); and (4) Defendant Chelsea Anne Nixon, Mr. Bey's former attorney (ECF 32).

After the motions to dismiss were filed by the Judicial Defendants, Warden Harper, and Sheriff's Office Defendants, Mr. Bey filed a "motion to compel and for a continuance" (ECF 29), which the Court interprets as his response. After Ms. Nixon filed her motion to dismiss, Mr. Bey also filed an "affidavit of fact" in response (ECF 38).

After careful consideration, the Court **GRANTS** the motions and dismisses the complaint without prejudice. The Court also **DENIES** Mr. Bey's demand for a default judgment against Defendant Harriet Koedel and non-defendant Fannie Mae.

## I.     The Judicial Defendants are shielded by judicial immunity.

"The well-established doctrine of absolute judicial immunity shields a judicial officer, who is performing his duties, from lawsuit and judgments for monetary damages." *Kirkland v. DiLeo*, 581 F. App'x 111, 115 (3d Cir. 2014). Immunity extends to magistrate judges. *Gary v. Gardner*, 445 F. App'x 465, 466 (3d Cir. 2011).

Judicial immunity is only lost if the judge's actions were nonjudicial or "taken in the complete absence of all jurisdiction." *Andrews v. Hens-Greco*, 641 F. App'x 176, 179 (3d Cir. 2016) (cleaned up). That is not the case here. Mr. Bey's claims against the Judicial Defendants concern their conduct in connection with the criminal trespass proceedings against him and fall within the jurisdiction of each judge. *See* ECF 6-1, p. 7 ¶ 24; 42 Pa. C.S.A. § 931(a) (Commonwealth Courts of Common Pleas judges have unlimited original jurisdiction over all actions and proceedings); 42 Pa. C.S.A. § 1515(a)(4) (magisterial judges have jurisdiction over preliminary matters in criminal proceedings).

Accordingly, the Court dismisses all claims against the Judicial Defendants without prejudice for lack of subject matter jurisdiction.

## II.    Mr. Bey has failed to state a *Monell* claim against Mr. Harper and the Sheriff's Office Defendants in their official capacities, and Mr. Harper and the Sheriff's Office Defendants are shielded in their individual capacities by qualified immunity.

Mr. Bey appears to bring claims against Mr. Harper and the Sheriff's Office Defendants in both their individual and official capacities. To allege a claim against these Defendants in their official capacities, Mr. Bey must allege that a policy or custom of the municipality that employs them caused the violation of his constitutional rights. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658

(1978). Mr. Bey fails to "identify a[ny] custom or policy, . . . [much less] specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). Nor can the Court discern any from the complaint.

Likewise, Mr. Bey's claims against Mr. Harper and the Sheriff's Office Defendants in their individual capacities are barred by qualified immunity. To defeat qualified immunity, a plaintiff must allege a violation of a constitutional right and that the constitutional right was clearly establish at the time of the violation. *Spady v. Bethlehem Area Sch. Dist.*, 800 F.3d 633, 637 (3d Cir. 2015). Mr. Bey's threadbare, conclusory allegations don't reveal any violation of a clearly established constitutional right.

The Court therefore dismisses all claims against Mr. Harper and the Sheriff's Office Defendants without prejudice.

### III.   Mr. Bey fails to allege facts to support his claims against Ms. Nixon.

Mr. Bey alleges that Ms. Nixon is liable for conversion, invasion of privacy, trespass, and fraud. He claims that Ms. Nixon (and Ms. Koedel) are "Fannie Mae agents" who by "fraudulent conveyance," with the aid of the Sheriff's Office Defendants, "colluded and conspired . . . to injure and deprive [him] of rights and property." ECF 6-1, p. 6 ¶ 20. He further alleges that Ms. Nixon "conspired with [Ms.] Koedel[,]" presumably, based on the surrounding paragraphs, to "file[] fraudulent papers causing Sheriffs to move unlawfully" and "st[eal his] property." *Id.* p. 8 ¶¶ 28-30.

Mr. Bey's conclusory allegations are the type of "unadorned, the defendant-unlawfully-harmed-me-accusation[s]" that fail to meet the pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Mr. Bey's *pro se* status means his complaint is liberally construed and held to less stringent standards, it doesn't excuse him from complying with the federal rules. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) ("[P]ro se litigants still must allege sufficient facts in

their complaints to support a claim."). And there is simply no factual basis here to support the elements of the alleged claims.

Mr. Bey's "affidavit of fact" in response to Ms. Nixon's motion adds some meager context. *See* ECF 38, p. 1 (alleging Ms. Nixon filed an unsigned writ of possession resulting in the sheriff ejecting him from the property, and that her "action and or inaction/negligence in addressing all claims to property ma[de] her a coconspirator in the deprivation of [his] rights"). But it still isn't enough. And in any event, Mr. Bey can't amend his complaint through what is essentially an opposition brief. *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988).

The Court therefore dismisses the claims against Ms. Nixon without prejudice.

**IV. Mr. Bey failed to properly serve Ms. Koedel.**

Mr. Bey's allegations against Ms. Koedel are coextensive with Ms. Nixon and set forth above. From these allegations, he claims Ms. Koedel is liable for conversion, invasion of privacy, trespass, fraud, and intentional infliction of emotional distress. He also demands, in his "affidavit of fact," a default judgment against Ms. Koedel because she was "served and [didn't] answer[.]" ECF 38, p. 2. As with Ms. Nixon, Mr. Bey's allegations against Ms. Koedel are deficient, and the Court would dismiss on those grounds, had she filed a motion to dismiss.

Instead, the Court notes that Ms. Koedel wasn't properly served, and didn't waive service like the other Defendants. The Federal Rules require service of an individual to be in accordance with state law, or by delivering a copy of original process to the defendant, to someone at the defendant's residence, or to an agent authorized to accept service. Fed. R. Civ. P. 4(e). Here, service was by certified mail. ECF 7. Pennsylvania law permits service by mail if authorized by a rule of civil procedure. Pa.R.C.P. 403. That doesn't include service of original process to an in-state defendant. *See Scarnati v. PA Am. Water Co.*, No. 05-895, 2006 WL 8457429,

at *1 (W.D. Pa. Apr. 7, 2006) (Cercone, J.) ("[T]he Pennsylvania Rules of Civil Procedure do not authorize service of original process within Pennsylvania by mail, including certified mail."); *cf.* Pa.R.C.P. 404 (authorizing service by mail to out-of-state defendants). As Mr. Bey filed his complaint in June 2023, the time for service has long expired. Fed. R. Civ. P. 4(m) (90 days to serve).

Where the time for service has expired, the Court must grant an extension of time for service if good cause exists,[1] or may otherwise grant an extension in its discretion. *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998). Good cause doesn't appear to exist here, given Mr. Bey's improper service, his failure to investigate service of Ms. Koedel further (even though she was the only defendant who didn't return a waiver of service), and his not filing a motion to extend the service time. Regardless, the Court will exercise its discretion to grant an extension of time to serve, in recognition of Mr. Bey's *pro se* status and because, impropriety notwithstanding, he did seek to serve her shortly after he filed the complaint. ECF 7 (certified mailing receipt dated July 17, 2023).

The Court therefore construes Mr. Bey's demand as a motion for default judgment and denies it. The Court further orders that Mr. Bey will have 45 days from the date of this order to properly serve Ms. Koedel. If Mr. Bey doesn't serve her in this time and file the requisite proof of service by then, in the absence of good cause, the Court will dismiss the complaint against Ms. Koedel without prejudice.

**V.     Fannie Mae isn't a defendant in this case.**

Mr. Bey also demands in his "affidavit of fact" a default judgment against Fannie Mae because it was "served and [didn't] answer[.]" ECF 38, p. 2. Fannie Mae isn't a defendant in this case, and there isn't any record that Mr. Bey attempted

---

[1] In determining whether good cause exists, the Court considers the reasonableness of the plaintiff's efforts to serve, the prejudice to the defendant, and whether the plaintiff moved for an enlargement of time to serve. *Beautyman v. Laurent*, 829 F. App'x 581, 583 (3d Cir. 2020).

service on it. ECF 7 (certified mail receipts not including Fannie Mae). So the Court will construe Mr. Bey's demand as a motion for default judgment and deny it. *See Ouaziz v. Murphy*, No. 23-2696, 2024 WL 397708, at *6 n.10 (D.N.J. Feb. 2, 2024), *reconsideration denied*, No. 23-2696, 2024 WL 1533464 (D.N.J. Apr. 9, 2024) ("Plaintiff . . . cannot obtain a default judgment against a nonparty.").

\* \* \*

Accordingly, after careful consideration, it is hereby **ORDERED** that the motions to dismiss (ECF 13, ECF 25, ECF 27, ECF 32) are **GRANTED**, and Plaintiffs' complaint (ECF 6) is **DISMISSED** without prejudice to Mr. Bey filing an amended complaint. If Mr. Bey doesn't amend his complaint within 30 days from the date of this order, the dismissal of these Defendants will be converted to being with prejudice. The Court further **ORDERS** that Mr. Bey's deficient service of Ms. Koedel is quashed, and that Mr. Bey has an additional 45 days from the date of this order to properly serve her and file the proof of service. If Mr. Bey fails to do so, the Court will dismiss his complaint against Ms. Koedel without prejudice. Lastly, the Court further **ORDERS** that Mr. Bey's motions for default judgment against Ms. Koedel and non-defendant Fannie Mae are **DENIED**.

Dated: July 25, 2024

BY THE COURT:

/s/ J. Nicholas Ranjan
J. Nicholas Ranjan
United States District Judge

cc:
Harun Bey
218 Jucunda Street
Pittsburgh, Pa 15210